**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 8 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| WALTER ALEXANDER VILLALOBOS-MARTINEZ, <br><br> Petitioner, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No.   20-70000 <br><br> Agency No. A088-893-095 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 1, 2022[**]

Before:    FRIEDLAND, SANCHEZ, and H. THOMAS, Circuit Judges.

Walter Alexander Villalobos-Martinez, a native and citizen of El Salvador,

petitions for review of the Board of Immigration Appeals' ("BIA") order

dismissing his appeal from an immigration judge's ("IJ") decision denying his

---

        [*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

        [**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT").

Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, including determinations regarding social distinction. *Conde Quevedo v. Barr*, 947 F.3d 1238, 1241-42 (9th Cir. 2020). We review de novo the legal question of whether a particular social group is cognizable, except to the extent that deference is owed to the BIA's interpretation of the governing statutes and regulations. *Id*. We deny in part and dismiss in part the petition for review.

To the extent Villalobos-Martinez contends that the IJ erred by pretermitting his asylum application as untimely or denying his application for CAT protection, we lack jurisdiction to consider those issues because they were not exhausted in the agency. *Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004).

Substantial evidence supports the agency's conclusion that the threats Villalobos-Martinez received did not rise to the level of persecution. *See Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019) ("We have been most likely to find persecution where threats are repeated, specific and combined with confrontation or other mistreatment." (internal quotation marks omitted)). Substantial evidence also supports the agency's determination that Villalobos-Martinez failed to establish that his proposed social group of "young men recruited

by organized crime who decline to join and as a result are threatened" is socially distinct within El Salvador. *See Conde Quevedo*, 947 F.3d at 1243 (substantial evidence supported the agency's determination that petitioner's proposed social group was not cognizable because of the absence of society-specific evidence of social distinction). Thus, the BIA did not err in concluding that Villalobos-Martinez did not establish membership in a cognizable particular social group. *See Reyes v. Lynch*, 842 F.3d 1125, 1131 (9th Cir. 2016) (in order to demonstrate membership in a particular social group, "[t]he applicant must 'establish that the group is (1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question'" (quoting *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (BIA 2014))).[1]

The temporary stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

---

[1] The BIA did not err in declining to consider an alternative social group, "law abiding El Salvadorans who have already been subject to violence in an environment where the gangs act with impunity," which was raised for the first time in Villalobos-Martinez's brief to the BIA. *Honcharov v. Barr*, 924 F.3d 1293, 1297 (9th Cir. 2019) ("[T]he Board does not per se err when it concludes that arguments raised for the first time on appeal do not have to be entertained."). Villalobos-Martinez uses that description of his social group in his brief to this court. To the extent that social group differs from the social group evaluated by the IJ, we lack jurisdiction to consider it. *Barron*, 358 F.3d at 677-78.